Daniel Conrad DAVIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–88–379–CR.

Court of Appeals of Texas, Corpus Christi.

May 31, 1990.

Discretionary Review Refused Sept. 19, 1990.

Roy Beene, Houston, for appellant.

John D. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before SEERDEN, UTTER and BENAVIDES, JJ.

## OPINION

SEERDEN, Justice.

A jury found appellant guilty of theft (by receiving stolen goods), and the trial court assessed punishment at five years in the Texas Department of Corrections. Through five points of error, appellant contends the trial court erred in failing to admit evidence which he offered to impeach a non-testifying coconspirator. We affirm.

Evidence of appellant's guilt was admitted entirely through testimony of undercover police officer Rick Calderon and tape recordings of conversations which Calderon had with co-conspirator Terry Riggs. The evidence shows that Calderon told Riggs that he had stolen twelve pieces of jewelry from a San Antonio home. Calderon told Riggs he wanted to sell the jewelry, and Riggs contacted appellant. On two occasions, Riggs and Calderon were directed to locations where Riggs and appellant negotiated the sale. Calderon remained nearby but did not directly participate in the negotiations. Appellant would not deal directly with Calderon because he did not know Calderon. The only direct contact between Calderon and appellant was brief and occurred immediately before appellant's arrest when Calderon specifically told appellant that the jewelry was stolen. Calderon also told appellant that he hoped that "this wasn't no trap" and said, "don't be setting me up."

Although Riggs did not testify, numerous statements made by Riggs to Calderon were admitted through the tape recordings and Calderon's testimony. These statements unequivocally showed appellant to be the ultimate purchaser of the stolen jewelry.

When two or more people take part in the commission of a felony, the evidence of the conspiracy is admissible even though the substantive crime of conspiracy is not charged. *Roy v. State*, 608 S.W.2d 645, 651 (Tex.Crim.App.1980). Moreover, the coconspirator exception to the hearsay rule is similarly not limited to prosecutions for conspiracy; it is a rule of evidence applicable to any offense. *Id.* at 651. Appellant does not contest the admissibility of Riggs' statements. To impeach Riggs' statements which incriminated appellant in the offense, appellant sought to introduce, as a prior inconsistent statement, a letter Riggs wrote to appellant following the commission of the offense. In the letter, Riggs explained why he accepted a plea bargain on the case, and he then stated, "I told that DA when I took the 4 years that I did it all and you didn't have anything to do with it." The trial court refused to admit the letter as impeachment evidence.

In his first point of error, appellant contends that Tex.R.Crim.Evid. 806 permits the admission of the letter. Rule 806 provides, in part:

When a hearsay statement, or a statement defined in Rule 801(e)(2), (C), (D), or (E), has been admitted in evidence, the credibility of the declarant may be attacked, and if attacked may be supported, by any evidence which would be admissible for those purposes if declarant had testified as a witness....

Riggs' statements were admitted under Rule 801(e)(2)(E) as statements by a coconspirator in furtherance of the conspiracy.

Under Rule 806, appellant was entitled to impeach Riggs as if Riggs had testified.

Any evidence that Riggs told others that appellant was not involved in the offense would be inconsistent with the evidence admitted by the State through the coconspirator statements. Riggs' letter to appellant, however, is not competent evidence that Riggs, in fact, ever told the district attorney that appellant was not involved. It is evidence only that Riggs told the appellant that he told the district attorney that appellant was not involved in the offense.

Riggs' letter is evidence of an out-of-court statement from Riggs to appellant about an even earlier out-of-court statement allegedly made from Riggs to the District Attorney. While evidence of an inconsistent prior out-of-court statement may be introduced to attack the credibility of a witness, *Rodgers v. State*, 486 S.W.2d 794, 797 n. 3 (Tex.Crim.App.1972), hearsay evidence of the prior out-of-court statement may not. *Seale v. Schultz*, 3 S.W.2d 563, 565 (Tex.Civ.App.—Waco 1927, writ dism'd). The rule allowing a prior inconsistent statement to be used for impeachment does not excuse a party from presenting competent evidence to show that the inconsistent statement was in fact made.

Competent evidence of such an inconsistency in this case could have come from the District Attorney or from a written communication from Riggs to the District Attorney. The trial court properly excluded the proffered evidence because it was not competent evidence of the inconsistency. Appellant's first point of error is overruled.

■ In points of error two through five appellant complains that the trial court erred in refusing to admit four prior convictions of Terry Alan Riggs. Under Rule 806, a non-testifying coconspirator may be impeached by any evidence which would be admissible if he had in fact testified. Convictions for felonies or crimes of moral turpitude may be used for impeachment. Tex.R.Crim.Evid. 609. In this case, appellant failed to show that the four convictions of Terry Alan Riggs were prior convictions of the Terry Alan Riggs involved in this case. Appellant failed to introduce sufficient evidence to link the convictions to the coconspirator. *Compare Vessels v. State*, 432 S.W.2d 108 (Tex.Crim.App.1968). Appellant's second through fifth points of error are overruled.

The judgment of the trial court is affirmed.

UTTER, J., not participating.