**Robert Burton McNAIR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–01–00215–CR.**

Court of Appeals of Texas,
San Antonio.

Feb. 6, 2002.

R. Emmett Harris, Attorney At Law, Uvalde, for Appellant.

Anton Hackebeil, Dist. Atty., Uvalde, Ilse D. Bailey, Bailey, Danford & Emerson, P.L.L.C., Kerrville, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, PAUL W. GREEN, Justice and SANDEE BRYAN MARION, Justice.

Opinion by PHIL HARDBERGER, Chief Justice.

This case involves an interesting intellectual question: If a defendant is mentally ill, is it possible for that defendant to make a statement against interest or a party opponent admission? Statements against interest and party opponent admissions are generally held admissible as exceptions to the hearsay rule because of the perceived trustworthiness of such statements which stems from the rationalization

that people do not say things against their own interest unless they are true. This in turn raises the additional questions of (1) what degree of insanity is involved, and (2) who determines that question?

 Experts frequently are at odds on the question of insanity and its degree as applied to a particular defendant. For this reason, these issues ultimately are determined by the fact finder when the defense of not guilty by reason of insanity is raised. However, the venerable laws of evidence cannot be shut down merely because a defendant claims he is insane and has an expert testify. A trial court's ruling regarding the admissibility of evidence cannot await the outcome of the jury's determination regarding the sanity of the defendant. The rules of evidence are not applied differently when an insanity defense is raised. Clearly, insanity is a mixed question of law and fact that must be decided by the fact finder; however, the trial of that question is governed by the same rules of evidence applicable to all trials.

## LEGAL ISSUE

Robert Burton McNair ("McNair") appeals his conviction for murder. In his sole point of error, McNair contends that the trial court erred in admitting certain statements made by him to various witnesses. He argues that the statements were inadmissable hearsay.

## BACKGROUND

McNair was indicted for the murder of his wife. At trial, he plead not guilty by reason of insanity. The jury found McNair guilty and sentenced him to life imprisonment.

Because McNair raised the issue of sanity, the trial court ordered two separate psychiatric evaluations. Dr. John C. Sparks diagnosed McNair as having bipo-

lar disorder. He concluded, however, that McNair knew his conduct was wrong and therefore was legally sane at the time of the offense. Dr. Joseph A. Simpson diagnosed McNair with chronic schizophrenia. He concluded that McNair was legally insane at the time of the offense. The jury heard testimony from both physicians at trial.

During its case in chief, the State sought to admit certain incriminating statements made by McNair to various witnesses. The statements consisted of the following: (1) McNair's statement to an EMS technician that he had hit his wife with a gun and that he was not going to pay for "that bitch's funeral"; (2) McNair's statement to an Uvalde County deputy sheriff that his wife had made him kill her; (3) McNair's statement to an inmate, overheard by an Uvalde County jailer, that his wife had been dead at least ten seconds before he shot her in the head; and (4) McNair's statement to a physician treating him for a thumb injury that he had injured his thumb when fighting with his wife, and that he had shot her. The trial court admitted the statements over McNair's hearsay objection.

## STANDARD OF REVIEW

 "Whether evidence comes in under one of the exceptions or exclusions to the hearsay rule is a question for the trial court to resolve and is reviewable for abuse of discretion." *Bee v. State*, 974 S.W.2d 184, 187 (Tex.App.-San Antonio 1998, no pet.). "The appellate court should not conduct a de novo review; its role is limited to determining whether the record supports the trial court's ruling." *Id.* "[I]f the decision of the trial court is correct on any theory of law which finds support in the evidence it will be sustained." *Id.* at 190.

## HEARSAY

■ Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. TEX.R. EVID. 801(d). Hearsay is inadmissable unless expressly excepted or excluded from the general rule by statute or the rules of evidence. TEX.R. EVID. 802. A statement is not hearsay if it is offered against a party and is the party's own statement in either an individual or representative capacity. TEX.R. EVID. 801(e)(2)(A). "Rule 801(e)(2)(A) plainly and unequivocally states that a criminal defendant's own statements, when being offered against him, are not hearsay." *Trevino v. State* 991 S.W.2d 849, 853 (Tex. Crim.App.1999) (en banc).

■ Several exceptions to the hearsay rule also exist. TEX.R. EVID. 803. Among the exceptions are statements against interest. TEX.R. EVID. 803(24). These are statements made by a declarant which tend to subject the declarant to criminal liability, and a reasonable person in the declarant's position would not have made the statements unless he believes them to be true. *Id.* The hearsay exception for statements against a declarant's interest and the exclusion for admissions by a party opponent are distinct. *Bingham v. State*, 987 S.W.2d 54, 56 (Tex.Crim.App. 1999). "While statements against interest are admissible due to their reliability, admissions by party opponents are admissible precisely because they are being admitted against the party alleged to have made those statements." *Id.* at 56–57.

## INSANITY DEFENSE

■ "It is an affirmative defense to prosecution that, at the time of the conduct charged, the actor, as · a result of severe mental disease or defect, did not know that his conduct was wrong." TEX. PEN.CODE ANN. § 8.01(a) (Vernon 1994). "The purpose of the insanity defense issue is to determine whether the accused should be held responsible for the crime, or whether his mental condition will excuse holding him responsible." *Graham v. State,* 566 S.W.2d 941, 948 (Tex.Crim.App.1978) (en banc). A defendant that establishes mental disease or defect does not necessarily establish the legal defense of insanity. *Schuessler v. State*, 719 S.W.2d 320, 329 (Tex.Crim.App.1986) (en banc). "The mental responsibility decision admittedly is an undifferentiated blend of medical, legal, and social considerations." *Graham*, 566 S.W.2d at 948. "The 'moral' elements of the decision are not defined exclusively by religious considerations but by the totality of underlying conceptions of ethics and justice shared by the community, as expressed by its jury surrogate." *Id.* at 950.

## DISCUSSION

■ McNair contends that the statements offered by the State and admitted by the trial court were inadmissable hearsay rather than admissions of a party opponent or statements against interest. He argues that a defendant who is clearly and indisputably mentally ill cannot be held to have made a statement against interest when that exception to the hearsay rule clearly predicates the exception upon the statement being made by "a reasonable person in the declarant's position." He further argues that although Rule 801(e)(2)(A), excluding admissions by party opponents from the hearsay rule, does not contain a "reasonable person" requirement, it is based on the same logic as Rule 803(24). McNair then contends that a mentally ill defendant cannot make admissions under Rule 801(e)(2)(A).

The record is not completely clear as to whether the trial court admitted the statements in question pursuant to rule

801(e)(2)(A), rule 803(24), or both. Nevertheless, the statements were McNair's own statements being offered against him. Therefore, the statements were non-hearsay admissions under Rule 801(e)(2)(A). *See* Tex.R. Evid. 801(e)(2)(A); *Trevino*, 991 S.W.2d at 853. Rule 801(e)(2)(A) does not contain a "reasonable person" requirement. Contrary to McNair's contention, Rule 801(e)(2)(A) and Rule 803(24) are not based on the same logic. *See Bingham*, 987 S.W.2d at 56–57.

McNair has failed to cite, nor have we been able to find, any case law holding that a mentally ill defendant cannot make admissions under Rule 801(e)(2)(A). To the contrary, McNair's sanity was a fact issue to be determined by the jury. Although the trial court must decide whether or not evidence is admissible, it is the jury's role to weigh such evidence. In this case, the jury knew the defendant had some degree of mental illness. They had the right to assign the proper amount of credibility to McNair's statements. We believe the fact finder is well-equipped to make such a determination. By finding McNair guilty, the jury rejected McNair's insanity defense.

The record supports the admission of the statements as admissions by a party opponent under Rule 801(e)(2)(A). *See Bee*, 974 S.W.2d at 187. The trial court did not abuse its discretion in admitting the statements. *See id.*

### Conclusion

The judgment of the trial court is affirmed.