IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1221-03






JAMES MITCHELL, JR., Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTH COURT OF APPEALS


KINNEY COUNTY





 Cochran, J., filed a concurring opinion.


O P I N I O N 



 I join the majority opinion. I write separately only to address appellant's arguments
concerning the applicability of the "right ruling, wrong reason" theory used by the court of
appeals to uphold admission of the out-of-court statements in this case. 

 At trial, the State repeatedly argued that the custodial statements made by the two boys
to U.S. Border Patrol agents were admissible as non-hearsay co-conspirator statements under
Tex. R. Evid. 801(e)(2)(E). Appellant repeatedly objected to their admission, arguing
(correctly) that they were hearsay statements and that they were not made in furtherance of
any conspiracy. These were timely and specific objections. Appellant did not make any
Confrontation Clause objection, ostensibly because counsel knew that there is no valid
Confrontation Clause objection to co-conspirator statements. (1) The State kept promising to
lay a proper foundation for their admission under rule 801(e)(2)(E). The trial court
repeatedly overruled appellant's objections based upon that promise. That promise was
never fulfilled. Appellant had obtained a running objection to all of these out-of-court
statements made by both boys. At the end of trial, appellant once again objected to the
admission of these out-of-court statements both as hearsay-because the State failed to meet
the foundation requirements of a co-conspirator statement-and under the Confrontation
Clause. He asked that the hearsay testimony be struck. The trial court overruled both the
hearsay and Confrontation Clause objections.

 The court of appeals, without any reference to the co-conspirator rule, turned to an
analysis of the admissibility of the out-of-court statements as Statements Against Penal
Interest under Tex. R. Evid. 803(24). The court of appeals noted that appellant had objected
on the basis of the Confrontation Clause, but that objection came too late- at the end of trial
after the statements had already been (erroneously) admitted as co-conspirator statements. 
Therefore, it did not analyze the admissibility of the statements over a Confrontation Clause 
objection. (2)

 The court of appeals applied the "right ruling, wrong reason" rule to the trial court's
admission of these statements. It stated: 

 As a reviewing court, we determine whether the record supports the trial
court's ruling. Under such a review, if the trial court's decision is correct on
any theory of law which finds support in the evidence, it will be sustained. (3)


 The "right ruling, wrong reason" rule protects the judicial system from wasting scarce
resources in a misguided emphasis upon eloquence. (4) It is a species of the "no harm, no foul"
rule, and it promotes judicial efficiency and the accuracy of result over technical form. It
would make little sense for a reviewing court to declare 

 this evidence was not admissible under Rule X, although it was admissible
under Rule Y. Therefore, we will reverse the trial court's judgment and make
the parties retry the case exactly as it was tried the first time, with exactly the
same evidence, but this second time the parties must be more articulate and
cite Rule Y instead of Rule X. (5) 


The primary concern of the reviewing court should be "Was this evidence admissible?" not
"Did the proponent (or the trial judge) use the most felicitous language or correct legal
rationale for admitting it?" 

 To employ the "right ruling, wrong reason" rule, however, the reviewing court must
be at least relatively certain that if the case were retried with all the parties and the judge at
the optimal level of articulateness and legal acuity, the evidentiary ruling would have been
the same. That is, if we assume that the party who offered the evidence relies upon the most
appropriate legal rationale on a second go-around, then we must also assume that the party
opposing the admission of that evidence would also use the most persuasive legal rationale
for excluding it, and that the trial court would rule in accordance with the correct legal
rationale.

 I am not at all confident that, in this case, had the State originally offered the boys'
out-of-court statements as Statements Against Penal Interest under Rule 803(24), those
statements would have been admitted or admissible over a Confrontation Clause objection. 
Here, appellant's attorney did make a Confrontation Clause objection as soon as it became
obvious that the State failed to keep its promise to lay a foundation for admitting the boys'
statements under the co-conspirator rule. He was not required to make an invalid and
inappropriate Confrontation Clause objection to evidence offered under one rule simply to
preserve his right to complain on appeal about the admission of this evidence under some
other unspecified evidentiary rule. Had the State originally offered these statements under 
Rule 803(24), appellant's attorney would have had the opportunity to make a timely
Confrontation Clause objection to the admission of an out-of-court custodial statement by
a non-testifying accomplice. Sauce for the goose is sauce for the gander. If a reviewing
court may assume that, on a second go-around, the State would offer the boys' out-of-court
words as statements against penal interest, why would it not also assume that appellant would
make a timely Confrontation Clause objection when, as here, he did make that objection as
soon as there was a valid basis for it?

 However, as the majority notes, this issue need not be decided in the present case
because the Court holds that the boys' out-of-court statements were not admissible even
under Rule 803(24). Thus, we need not address any Confrontation Clause issue or whether
the "right ruling, wrong reason" rule should apply in this situation.

 I therefore join the majority opinion.

Cochran, J.

Filed: April 6, 2005

Do Not Publish
1. See, e.g., Bourjaily v. United States, 483 U.S. 171, 182-84 (1987); United States v.
Inadi, 475 U.S. 387, 400 (1986). In Inadi, the Supreme Court addressed the inherent reliability
of co-conspirator statements:

 Because they are made while the conspiracy is in progress, such statements
provide evidence of the conspiracy's context that cannot be replicated, even if the
declarant testifies to the same matters in court. When the Government--as here--offers the statement of one drug dealer to another in furtherance of an illegal
conspiracy, the statement often will derive its significance from the circumstances
in which it was made. Conspirators are likely to speak differently when talking to
each other in furtherance of their illegal aims than when testifying on the witness
stand. Even when the declarant takes the stand, his in-court testimony seldom will
reproduce a significant portion of the evidentiary value of his statements during
the course of the conspiracy.

 In addition, the relative positions of the parties will have changed
substantially between the time of the statements and the trial. The declarant and
the defendant will have changed from partners in an illegal conspiracy to suspects
or defendants in a criminal trial, each with information potentially damaging to
the other. The declarant himself may be facing indictment or trial, in which case
he has little incentive to aid the prosecution, and yet will be equally wary of
coming to the aid of his former partners in crime. In that situation, it is extremely
unlikely that in-court testimony will recapture the evidentiary significance of
statements made when the conspiracy was operating in full force. 

Id. at 395. In his concurrence in Crawford v. Washington, Chief Justice Rehnquist repeated the
Inadi rationale for exempting co-conspirator statements from any Confrontation Clause
requirement that the out-of-court declarant testify at trial as a predicate to their admissibility. 
Crawford v. Washington, 541 U.S. 36, 73 (2004) (Rehnquist, C.J., concurring).
2. Even before the Supreme Court's decision in Crawford, it seemed quite apparent that
many, if not most, out-of-court custodial interrogation statements made by a non-testifying
accomplice or co-defendant would not be admissible against the defendant as a statement against
penal interest over a Confrontation Clause objection. See Lilly v. Virginia, 527 U.S. 116 (1999). 
Although Lilly spawned a remarkable total of five opinions, all nine members of the Supreme
Court generally agreed with Justice Stevens that:

 It is highly unlikely that the presumptive unreliability that attaches to
accomplices' confessions that shift or spread blame can be effectively rebutted
when the statements are given under conditions that implicate the core concerns of
the old ex parte affidavit practice--that is, when the government is involved in the
statements' production, and when the statements describe past events and have not
been subjected to adversarial testing.

Id. at 137. Thus, by 1999, well before this trial, it was fairly well established that only those
statements against interest which were wholly self-inculpatory as to the out-of-court declarant
would likely survive a Confrontation Clause objection. Under Lilly, the gold of purely self-inculpatory statements could not drag in the dross of statements which could be considered
blame-shifting or blame-minimizing. See, e.g., Hill v. Hofbauer, 337 F.3d 706, 714-18 (6th Cir.
2003) (stating that even prior to Lilly, law was well-established that the admission of
nontestifying co-actor's custodial statements inculpating his cohorts was inherently unreliable
and presumptively inadmissible under Confrontation Clause); United States v. Westmoreland,
240 F.3d 618, 625-28 (7th Cir. 2001) (admission of co-conspirator's custodial statements that
included information about what defendant did and said violated confrontation rights under
Lilly); United States v. Castelan, 219 F.3d 690, 694-96 (7th Cir. 2000).
3. Mitchell v. State, 2003 Tex. App. LEXIS 5269, No. 04-02-00084-CR, slip op. at 12
(Tex. App. - San Antonio, June 25, 2003) (not designated for publication) (citing McNair v.
State, 75 S.W.3d 69, 71 (Tex. App. - San Antonio 2002, no pet.)).
4. See, e.g., Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); Sewell v.
State, 629 S.W.2d 42, 45 (Tex. Crim. App. 1982).
5. See generally McCormick on Evidence § 52, at 131 (Edward W. Cleary, ed., 3d ed.
1984) (stating that normally the overruling or sustaining of an untenable specific objection will
not be overturned if a proper ground exists for doing so, even though not advanced in the trial
below).