Affirmed; and Substitute Opinion of March 10, 2005 Withdrawn; and
Substitute Plurality Opinion and Concurring Opinion filed May 10, 2005









Affirmed; and Substitute Opinion of March 10, 2005
Withdrawn; and Substitute Plurality Opinion and Concurring Opinion filed May
10, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01089-CR

____________

 

JOHN BRUCEWAYNE OVEAL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

_________________________________________________



On Appeal from the 339th District Court

Harris
County, Texas

Trial Court Cause No. 922,010

_________________________________________________



S U B S T I T U T E   P L U R A L I T Y   O P I N I O N

 

The substitute opinion of March
10, 2005, is withdrawn and the court issues this substitute plurality
opinion and concurring opinion.








A jury convicted appellant, John
Brucewayne Oveal, of burglary of a habitation with intent to commit aggravated
assault.  In four issues, appellant
contends the trial court erred by (1) admitting absent complainant=s Aexcited
utterances@ to her aunt and the
investigating officer, (2) excluding absent complainant=s
handwritten document claiming someone other than appellant assaulted her, and
(3) excluding the notes of an assistant district attorney.  We affirm.

I.  Factual
Background

Complainant, Tiffany Landers,
resides outside of Texas and did not testify at trial.  Therefore, the pertinent facts of this case
were admitted into evidence through testimony of Landers=s aunt,
Theresa Griffin; Landers=s cousin,
Anikka Gray; and Houston Police Officer Charles Webb.  On the afternoon of May 22, 2002, Landers
telephoned Griffin from the apartment where they both lived.  During this conversation, Griffin heard loud
banging noises, as though someone was beating down a door.  She also heard objects being thrown around
and appellant=s voice threatening Landers that
he would harm her if he ever caught her with someone else.[1]  

Griffin=s
daughter, Anikka, arrived at the apartment after school.  She was unable to enter the apartment with
her key because the deadbolt was locked. 
Anikka saw appellant climbing out of an open bedroom window, and then
Landers unlocked the door to let her in. 
Appellant later returned and demanded that Landers meet him
outside.  Anikka saw appellant slap
Landers=s face.  Immediately thereafter, Anikka called Griffin
and told her what had happened.  Griffin
instructed Annika to leave the apartment and go to her aunt=s
home.  Anikka obliged.  








Officer Webb and Griffin both
spoke to Landers after the assault.  At
trial, they recounted Landers=s
description of the incident.  Appellant
entered the apartment through the bedroom window, and Landers ran and hid in a
closet.  Appellant kicked down a bedroom
door, and when he found Landers, he grabbed her by her hair, pulled her out of
the closet, and started beating and kicking her.  He pulled a mattress on top of her and jumped
on it repeatedly.  He then pulled her
into the bathroom where he beat her, used a pair of scissors to cut her hair
out, and threw her into the wall.  After
dragging her into the living room, he retrieved a knife from the kitchen.  He threatened to kill her, and then jammed
the knife into the wall.  He also pushed
the clothes dryer down, threw clothes and a radio onto the floor, and hit her
on the head several times with a broom handle. 
The jury found appellant guilty of burglary of a habitation with intent
to commit aggravated assault and sentenced him to twelve years=
confinement.

II.  Excited utterances








In his first and second issues,
appellant contends that the trial court erred in allowing Griffin and Officer
Webb to testify over his hearsay objections regarding Landers=s
statements about the incident.[2]  The trial court admitted the testimony on the
ground that Landers=s
statements were excited utterances, a hearsay exception.  See Tex.
R. Evid. 803(2).  Whether an
out-of-court statement is admissible under an exception to the general hearsay
exclusion rule is a matter within the trial court=s
discretion.  Zuliani v. State, 97
S.W.3d 589, 595 (Tex. Crim. App. 2003). 
Our role is limited to determining whether the record supports the trial
court=s
ruling.  Coffin v. State, 885
S.W.2d 140, 149 (Tex. Crim. App. 1994). 
Therefore, we must reverse only when Athe trial
judge=s
decision was so clearly wrong as to lie outside that zone within which
reasonable persons might disagree.@  Zuliani, 97 S.W.3d at 595 (quoting Cantu
v. State, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992)). 

The excited utterance exception
to the hearsay rule is founded on the belief that a statement made as a result
of a startling event or condition is involuntary and does not allow the
declarant an adequate opportunity to fabricate, thereby ensuring the
trustworthiness of the statement.  Couchman
v. State, 3 S.W.3d 155, 159 (Tex. App.CFort
Worth 1999, pet ref=d).  In other words, the statement is trustworthy
because it represents an event speaking through the person rather than the
person speaking about the event.  Zuliani,
97 S.W.3d at 595.  To determine whether a statement
qualifies as an excited utterance, (1) the statement must be the product of a
startling occurrence, (2) the declarant must have been dominated by the
emotion, excitement, fear, or pain of the occurrence, and (3) the statement
must be related to the circumstances of the startling occurrence.  Sellers v. State, 588 S.W.2d 915, 918
(Tex. Crim. App. [Pan. Op.] 1979). 
Couchman, 3 S.W.3d at 159. 
Factors the court may consider to determine whether a statement
qualifies as an excited utterance are the lapse of time between the event and declaration,
and whether the statement is made in response to a question.  Lawton v. State, 913 S.W.2d 542, 553
(Tex. Crim. App. 1995).  However, these
factors are not dispositive.  Id.  The critical factor is whether the emotions,
excitement, fear, or pain of the event still dominated the declarant at the
time of the statement.  Zuliani,
97 S.W.3d at 596.  If the statement is
made while the declarant is still in the grip of emotion, excitement, fear, or
pain and the statement relates to the exciting event, it is admissible even
after an appreciable amount of time has elapsed.  Penry v. State, 691 S.W.2d 636, 647
(Tex. Crim. App. 1985); Jones v. State, 772 S.W.2d 551, 555 (Tex. App.CDallas 1988, writ ref=d).








A.        Statements
to Officer Webb

Appellant contends that Landers=s
statements to Officer Webb were not excited utterances.  Officer Webb testified that when he arrived
at Landers=s apartment in response to an Aassault
in progress@ call, Landers was alone.  Officer Webb testified that Landers told him
she had talked to her aunt, but he did not know if Landers had called her after
the assault, and he provided no details about the conversation.  Additionally, although Officer Webb did not
know the exact time of the assault, he believes he arrived shortly (less than
two hours) after the occurrence. 
Appellant claims Landers=s
statements to Officer Webb were not excited utterances because Landers had
already talked to Griffin and Annika about the incident, and one to three hours
had passed since the assault occurred. 
However, Officer Webb was the first witness to testify at trial.  Because the facts appellant claims factor
against admissibility were not in evidence at the time Officer Webb testified,
we cannot consider them.  See Willover
v. State, 70 S.W.3d 841, 845 (Tex. Crim. App. 2003) (noting that a
reviewing court should review a trial court=s ruling
on admission of evidence in light of the evidence before the trial court at the
time it made its ruling).








Appellant also contends that
Landers=s
statements to Officer Webb were not excited utterances because (1) Landers=s
statements were solely in response to Officer Webb=s
questions, and Landers gave a detailed account about the assault, and (2)
Officer Webb testified Landers was not excited and only Asomewhat@
stressed.   We recognize that a court
should consider whether hearsay statements were made in response to questions
when determining whether the statements qualify as excited utterances.  See Zuliani, 97 S.W.3d at 595B96.  However, this factor is not dispositive; it
is only one factor to be considered.  Id.
at 596 (holding responses to questions qualified as excited utterances).  As previously mentioned, the critical factor
is whether the declarant was  still
dominated by the emotions, excitement, fear, or pain of the event.  Zuliani, 97 S.W.3d at 596.  In this
case, when Officer Webb arrived at Landers=s
apartment, he observed that her face was swollen, and she had cuts on her arm,
lip, and leg, and blood on her shirt and arm. 
When Officer Webb spoke with Landers, she was still in her ransacked
apartment where she had recently been the victim of a violent assault.  Although Officer Webb did state that Landers
was not excited and she was Asomewhat
stressed,@ he further stated that Landers
was quiet, in a frightened state of mind, upset, and her eyes were watering,
and that she made the statements while she was under the stress or excitement
caused by the event.  Further, Officer
Webb had observed Landers=s
demeanor in the past, when he had seen Landers in the neighborhood, and could
tell that Landers was frightened at the time she spoke with him.

Based on the evidence in the
record, the trial court could have reasonably concluded that Landers=s
statements to Officer Webb related to a Astartling
event or condition,@ that
event being the assault she recently experienced, and that Landers was still
under the physical and emotional Astress of
the excitement caused by the event or condition@ when she
made the statements to Officer Webb.  The
trial court=s decision was within the Azone of
reasonable disagreement,@ and
therefore, we find that the trial court did not abuse its discretion by
admitting Officer Webb=s
testimony.          

B.        Statements to Griffin








Appellant contends that Landers=s
statements to Griffin were not excited utterances. Appellant claims no evidence
was presented that Landers was dominated by the emotions, excitement, fear, or
pain of the event when she made the statements to Griffin.  Appellant further avers that Landers talked
to Annika about the incident before talking to Griffin, one to two hours passed
between the assault and the time Landers spoke to her aunt, and Landers did not
make any spontaneous statements to Griffin. 
When Griffin testified, no evidence had been admitted that Landers
talked to Annika about the incident before talking to Griffin.  Because that evidence was not before the
trial court at the time of its ruling, we may not consider it.  See Willover v. State, 70 S.W.3d 841,
845 (Tex. Crim. App. 2003) (noting that a reviewing court should review a trial
court=s ruling
on admission of evidence in light of the evidence before the trial court at the
time it made its ruling).  Additionally,
there is no evidence to support appellant=s
assertion that Landers did not make spontaneous statements to Griffin.  Griffin testified about what Landers told
her; she gave no indication Landers was responding to questions.

Although Landers=s
statements to Griffin were made one to two hours after Landers had been
assaulted, the period of time separating the startling event and the statement
is only one factor to consider when determining if a statement was an excited
utterance.  Zuliani, 97 S.W.3d at
596.  Griffin testified that she arrived
at the apartment before Officer Webb. 
Landers was lying on the couch crying, she looked scared, and she Aseemed
kind of out of it.@  Griffin further testified that Landers
appeared to be suffering under the stress or excitement caused by the
event.  Evidence had already been
presented through Officer Webb that Landers had visible injuries and the
apartment was ransacked.  Based on this
testimony, we find the trial court did not abuse its discretion in finding
Landers=s
statements admissible because she was still dominated by the emotions,
excitement, fear, or pain of the event.  See
id.

We overrule appellant=s first
and second issue.

                  III. 
Exclusion of Handwritten Document








In his third issue, appellant
contends the trial court erred in refusing to admit a handwritten document as
impeachment evidence.[3]
 We review a trial court=s ruling on the admissibility of
evidence for abuse of discretion.  Montgomery
v. State, 810 S.W.2d 372, 378B79 (Tex. Crim. App. 1990) (op. on reh=g). 
We must review the trial court=s ruling in light of the arguments,
information, and evidence that was before the trial court at the time the
ruling was made.  Dragoo v. State,
96 S.W.3d 308, 313 (Tex. Crim. App. 2003).  We must uphold the trial court=s evidentiary ruling if it is
reasonably supported by the record and is correct under any theory of law
applicable to the case.  State v. Ross,
32 S.W.3d 853, 855B56 (Tex. Crim. App. 2000).  


Appellant offered the following handwritten
document as evidence:

My name is Tiffany Michelle Landers and I am 18 yrs
old[.]  I was born on 1-28-84[.]  I would like to tell whoever this may concern
what happen on May 22 of 02=[.]  Everything
that I told the W. Mongemery [sic] police was true except the part about who
did it to me[.]  James Lawson better
known as JR Bis the guy who did this to me.  He told me if I AGave them got damn people his name he would hurt me.@  And he told me
to give John [sic] name Asince he the cause of this shit.@  Being as
scared as I was I did what he told me and Mrs. Thressa [sic] Griffin (my aunt)
didn=t like him from the start so of course she would
believe me. /s/ Tiffany Landers.  Sworn
to and subscribed to before me this 23 day of September 2002 /s/ Russell
Timmies, Notary Public[4]

 

When appellant offered the document at trial, the State
objected on hearsay grounds, and the trial court sustained the objection.  Appellant then informed the trial court that Athis is offered as impeachment.@[5] 
However, the record reflects that appellant failed to cite any specific
rule of evidence or argue why the statement constituted impeachment evidence.








The proponent of an out-of-court statement, not the trial
court, is required to specify which exception to the hearsay rule he is relying
upon or to specify how the evidence is not hearsay.  Willover, 70 S.W.3d at 845B46. 
The proponent A>must at the earliest opportunity,
have done everything necessary to bring to the judge=s attention the evidence rule [or
statute] in question and its precise and proper application to the evidence in
question.=@ 
Martinez v. State, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002)
(quoting 1 Stephen Goode, Et Al., Texas
Practice: Guide  to the Texas Rules of
Evidence: Civil and Criminal, ' 103.2, at 14 (2d ed. 1993)).

On appeal, appellant presents two arguments for the
admissibility of the statement to impeach Landers.  He first contends that the entire statement
was admissible to impeach Landers as a prior inconsistent statement under Texas
Rule of Evidence 613(a).  See Tex. R. Evid. 613(a).  He also claims the entire statement was
admissible to impeach Landers under Texas Rule of Evidence 613(b) because it
contains evidence of Landers=s motive, bias and interest for telling Griffin and Webb that
appellant committed the offense.  See Tex. R. Evid. 613(b). 

The trial court reasonably could have determined that
appellant was offering the entire statement as a prior inconsistent statement
under Rule 613(a).  Because only Landers=s prior inconsistent statements can be used to impeach
her under Rule 613(a), the trial court reasonably could have concluded that the
statements in the document attributed to James Lawson were inadmissible, and
thus excluded the entire document.  See
Willover, 70 S.W.3d at 846B47 (holding that when offered evidence contains admissible
and inadmissible portions, the trial court may properly exclude the entire item
of evidence).

To the extent the trial court determined that appellant was
offering the entire document under Rule 613(b) as evidence of Landers=s bias or motive, several of the
statements do not have any tendency to show Landers=s bias or motive.  Therefore, the trial court reasonably could
have determined that these statements were inadmissible, and thus excluded the
entire document.  See Willover, 70
S.W.3d at 846B47.

Accordingly, the trial court did not abuse its discretion in
excluding this evidence.  We overrule
appellant=s third issue.








                                   IV.  Exclusion of Prosecutor=s Notes

In his fourth issue, appellant claims the trial court erred
in excluding a handwritten note allegedly written by Andrea Kolski, an
assistant district attorney.  According
to what is purported to be Kolski=s note, included in the State=s case file, Landers told Kolski that
appellant was not the person who committed the assault.  Appellant claims the note was admissible as
impeachment evidence and as a statement against interest.  See Tex.
R. Evid. 613; Tex. R. Evid.
803(24).  

However, appellant did not offer the note as evidence at
trial.  Instead, he submitted it as an
offer of proof to support his claim that he should have been allowed to call
the prosecutor as a witness.  When making
the offer of proof, he submitted the note to show what Kolski would have
testified to.  Because appellant did not
offer the note as evidence at trial, he has failed to preserve this issue for
appeal.  See Tex. R. App. P. 33.1(a)(1)(A).  Accordingly, we overrule appellant=s fourth issue.

Having overruled appellant=s issues,
the judgment of the trial court is affirmed.

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and
Substitute Plurality Opinion and Concurring Opinion filed
May 10, 2005.

 

Panel consists of Justices
Edelman, Frost, and Seymore.  (Frost, J.,
concurring.)  (Edelman, J., concurs in
result only.)

 

Publish
C Tex. R. App. P. 47.2(b).

 

 











[1]  Appellant and
Landers were in a troubled relationship that ended approximately one week
before the burglary.





[2]  In a
post-submission memorandum, appellant also argues that Landers=s out-of-court statements to Officer Webb should
have  been excluded under the Sixth
Amendment=s Confrontation Clause.  Although appellant failed to raise a trial
objection on confrontation grounds, he contends that we should consider the
issue in light of Crawford v. Washington, __ U.S. __, 124 S. Ct. 1354,
158 L. Ed. 2d 177 (2004), decided after submission of this case.  Crawford held that out-of-court
testimonial statements by a witness, who fails to testify at trial, are barred
by the Confrontation Clause unless the witness is unavailable to testify and
the accused had a prior opportunity to cross-examine the witness, regardless of
whether such statements are deemed reliable under the rules of evidence.  Id. at 1369B74.  Although Crawford
clarified the law with respect to the Confrontation Clause and the
admissibility of out-of-court Atestimonial@statements
under the rules of evidence, Athe federal constitutional right to confront one=s accuser=s is
neither new nor novel.@  Bunton v.
State, 136 S.W.3d 355, 369 (Tex. App.CAustin
2004, pet filed).   Accordingly, by
failing to object on Confrontation Clause grounds, appellant failed to preserve
this issue for review.  See Tex. R. App. P.  33.1(a); Bunton, 136 S.W.3d at 369
(holding appellant waived Confrontation Clause complaint by failing to object
at trial and rejecting suggestion that because Crawford established a
new constitutional rule, an objection would have been futile); Crawford v.
State, 139 S.W.3d 462, 464 (Tex. App.CDallas
2004, no pet.) (approving of Bunton).





[3]  Appellant also
claims the document was admissible because it contained statements against
interest.  See Tex. R. Evid. 803(24).  However, he did not make this complaint at
trial, so we will not consider it on appeal. 
See Tex. R. App. P. 33.1.





[4]  Appellant=s sister testified that she was familiar with Landers=s printing and signature, and she recognized the
printing and signature in the document as Landers=s.  See Tex.
R. Evid. 901(b)(2).  





[5]  After a
hearsay statement has been admitted, the declarant=s credibility may be attacked and if attacked, may be
supported by any evidence which would be admissible for those purposes if
declarant had testified as a witness.  Tex. R. Evid. 806.  Because Landers was the declarant of hearsay
statements admitted through Griffin and Officer Webb, appellant was entitled to
impeach her credibility as if she had given live testimony.  See Bee v. State, 974 S.W.2d 184, 190
(Tex. App.CSan Antonio 1998, no pet.); Appling v. State,
904 S.W.2d 185, 190 (Tex. App.CCorpus Christi 1995, pet. ref=d).