Opinion issued April 17, 2008







 

 






In The

Court of Appeals

For The

First District of Texas






NOS. 01-07-00016-CR

 01-08-00115-CR






BLAKE DUSTIN KUECKER, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 21st District Court

Washington County, Texas

Trial Court Cause No. 11, 339






MEMORANDUM OPINION

 A jury found appellant guilty of two counts of delivery of a controlled
substance, (1) and the trial court assessed punishment at 15 years' confinement on each
count. In point of error three, appellant contends the evidence is legally and factually
insufficient. In points of error one, two and four, appellant contends the trial court
erred by excluding evidence of an informant's criminal history. In point of error five,
appellant contends he received ineffective assistance of counsel. We affirm the
judgments.

BACKGROUND

 On February 20, 2004, officers of the Washington County and Independence
Narcotics Task Force set up an undercover drug buy operation at a hotel in Brenham. 
The officers rented two adjacent rooms. In the first room was a police informant,
Dawn Jones McDaniel, and in the second room were several police officers who were
monitoring the activity in McDaniel's room by way of a hidden video recorder.

 Deputy P. Glidewell testified at trial that he had McDaniel make telephone
calls in an attempt to get people to bring her illegal narcotics. Glidewell testified that
he saw appellant and Cecil Ware arrive at McDaniel's room. Appellant sat down and
Ware placed drugs on the bed. McDaniel then handed $250 to appellant, and both
men left.

 At trial, the State admitted the videotape taken before and during the drug
transaction. On the tape, McDaniel states that:

 1. "Blake Kuecker will be bringing the stuff" and he will be
accompanied by Cecil Ware;

 2. a telephone call she received was from "Blake Kuecker," and he
will be arriving shortly with Cecil Ware; and, during the
transaction

 3. "Cecil held the stuff for 'Blake'" and McDaniel "[knows] Blake
personally."


 McDaniel did not testify at trial. The videotape was admitted through the
testimony of Deputy Glidewell. Appellant did not object to the admission of the
videotape. However, during the cross-examination of Officer Glidewell, appellant
sought to admit evidence of McDaniel's criminal history. The trial court, however,
denied appellant's request.

 Appellant testified on his own behalf at trial. He admitted giving his
roommate, Ware, a ride to the hotel and accompanying Ware into the room. He
denied, however, having any prior knowledge of why they were going to the hotel. 
He testified that he did not know that a drug transaction was going to take place. 
Appellant stated that he took the money that McDaniel handed to him because he was
afraid not to. He and Ware left together, with appellant driving. Appellant further
testified that he knew McDaniel, who was Ware's friend. According to appellant,
McDaniel would often come over to their house and spend several hours at a time
alone with Ware. Appellant testified that McDaniel was "bitter" and "upset" with
him because, on one occasion, he had rejected her sexual advances.

SUFFICIENCY OF THE EVIDENCE

 In point of error three, appellant contends the evidence is legally and factually
insufficient to show that he is guilty of delivery of controlled substances, namely
cocaine and dihydrocodeinone. Specifically, appellant claims that he was "merely
present" and not a party to Cecil Ware's actual transfer of the narcotics.

 We review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict to determine whether any rational trier of fact
could have found the essential elements of the offense beyond a reasonable doubt.
Vodochodsky v. State, 158 S.W.3d 502, 509 (Tex. Crim. App. 2005). We note that
the trier of fact is the sole judge of the weight and credibility of the evidence.
Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000). Thus, when
performing a legal sufficiency review, we may not reevaluate the weight and
credibility of the evidence and substitute our judgment for that of the fact-finder.
Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). We must resolve any
inconsistencies in the evidence in favor of the verdict. Curry v. State, 30 S.W.3d 394,
406 (Tex. Crim. App. 2000).
 In a factual sufficiency review, we view all the evidence in a neutral light, both
for and against the finding, and set aside the verdict if the proof of guilt is so
obviously weak as to undermine confidence in the jury's determination, i.e., that the
verdict seems "clearly wrong and manifestly unjust," or the proof of guilt, although
legally sufficient, is nevertheless against the great weight and preponderance of the
evidence. See Watson v. State, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006). A
jury is in the best position to evaluate the credibility of witnesses, and we are required
to afford "due deference" to the jury's determinations. See Marshall v. State, 210
S.W.3d 618, 625 (Tex. Crim. App. 2006) (citing Johnson v. State, 23 S.W.3d 1, 9
(Tex. Crim. App. 2000)).

 A person may be found guilty as a party to an offense if he is criminally
responsible for the conduct of the person who committed the offense. See Tex. Pen.
Code Ann. § 7.01(a) (Vernon 2005). A person is criminally responsible for the
offense committed by another's conduct if, acting with intent to promote or assist the
commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the
other person to commit the offense. Id. § 7.02(a)(2).

Legal Sufficiency

 The evidence, viewed in the light most favorable to the verdict, shows that
McDaniel talked to appellant on the telephone to set up a drug transaction. 
Appellant, accompanied by Cecil Ware (as predicted by McDaniel to the police),
drove to McDaniel's hotel room. Both men entered. Ware took the drugs from his
possession and placed them on the bed. McDaniel handed $250 to appellant, who
took it. Both Ware and appellant then left the room. Appellant and Ware departed
in appellant's car, with appellant driving.

 Viewing the evidence in a light most favorable to the verdict, a rational jury
could have found beyond a reasonable doubt that appellant solicited, encouraged,
directed, aided, or attempted to aid Ware's actual delivery of the narcotics to
McDaniel. See Vodochodsky, 158 S.W.3d at 509.

Factual Sufficiency

 Appellant argues that the evidence is factually insufficient because he testified
that he did not know that Ware was going to McDaniel's room to conduct a drug
transaction, and that he took the money McDaniel handed him because he was afraid
not to. However, the jury was in the best position to evaluate appellant's credibility,
and we are required to afford "due deference" to the jury's determinations. See
Marshall, 210 S.W.3d at 625.

 Viewing all the evidence in a neutral light, it is not so obviously weak as to
undermine confidence in the jury's determination, nor is the verdict against the great
weight and preponderance of the evidence. See Watson, 204 S.W.3d at 414-15.

 Accordingly, we overrule point of error three.

EXCLUSION OF INFORMANT'S CRIMINAL RECORD

 In points of error one, two, and four, appellant contends the trial court erred by
excluding evidence of McDaniel's criminal history. A trial court's admission or
exclusion of evidence is reviewed under an abuse of discretion standard. Torres v.
State, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002); Salazar v. State, 38 S.W.3d 141,
153-54 (Tex. Crim. App. 2001). An abuse of discretion occurs when the trial court
acts arbitrarily or unreasonably, without reference to guiding rules or principles. 
Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990) (op. on reh'g). 
In other words, an abuse of discretion occurs only when the trial court's decision is
so wrong as to lie outside that zone within which reasonable persons might disagree. 
See id. at 391. We uphold a trial court's evidentiary ruling if it is reasonably
supported by the record and is correct under any theory of law applicable to the case. 
See State v. Ross, 32 S.W.3d 853, 855-56 (Tex. Crim. App. 2000); Jones v. State, 833
S.W.2d 118, 125 n. 15 (Tex. Crim. App. 1992). We do not reverse a trial court's
evidentiary ruling on a theory of admissibility or inadmissibility not raised at trial. 
See Martinez v. State, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002).

Rule of Evidence 806

 Appellant argues that McDaniel's criminal history was admissible through the
testimony of Deputy Glidewell pursuant to Texas Rule of Evidence 806, which
provides:

 When a hearsay statement . . . has been admitted in evidence, the
credibility of the declarant may be attacked, and if attacked may be
supported by any evidence which would be admissible for those
purposes if declarant had testified as a witness. Evidence of a statement
or conduct by the declarant at any time, offered to impeach the
declarant, is not subject to any requirement that the declarant may have
been afforded an opportunity to deny or explain. If the party against
whom a hearsay statement has been admitted calls the declarant as a
witness, the party is entitled to examine the declarant on the statement
as if under cross-examination.


Tex. R. Evid. P. 806.


 Preservation of error


 We begin by noting that appellant has failed to preserve error on this claim. 
At trial, appellant argued that the evidence was admissible because it was relevant
under Texas Rules of Evidence 401 and 403. Appellant also argued that the evidence
was an exception to the hearsay rule and was admissible under Texas Rules of
Evidence 803(8) (public records) and 803(24) (statement against interest). However,
appellant never argued to the trial court that the evidence was admissible under rule
806.

 To preserve error, the complaining party must make a specific objection and
obtain a ruling on the objection. Wilson v. State, 71 S.W.3d 346, 349 (Tex. Crim.
App. 2002). The record must show that the complaining party gave the trial court an
opportunity to rule on the complaint by presenting that complaint to the trial court in
a specific and timely objection. See Tex. R. App. P. 33.1(a); Geuder v. State, 115
S.W.3d 11, 13 (Tex. Crim. App. 2003); Martinez v. State, 98 S.W.3d 189, 193 (Tex.
Crim. App. 2003); Lankston v. State, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992). 
Further, making the trial court aware of the complaint requires that both the grounds
and what is being objected to be apparent. See Hernandez v. State, 599 S.W.2d 614,
617 (Tex. Crim. App. 1980) (op. on reh'g).

 Because appellant never gave the trial court the opportunity to consider the
admissibility of the evidence under rule 806, he may not now complain about it on
appeal. We will not reverse a trial court's evidentiary ruling on a theory of
admissibility or inadmissibility not raised at trial. See Martinez, 91 S.W.3d at 336.

 Error analysis

 Appellant contends the trial court erred in refusing to allow him to impeach
McDaniel, an out-of-court declarant, with McDaniel's prior criminal record. Under
rule 806, a nontestifying declarant may be impeached by any evidence that would be
admissible if he had testified. See Tex. R. Evid. 806; Davis v. State, 791 S.W.2d 308,
310 (Tex. App.--Corpus Christi 1990, pet. ref'd). Thus, the criminal record of a
nontestifying hearsay declarant may be admissible to attack the hearsay declarant's
credibility. See Davis, 791 S.W.2d at 310. However, to be admissible the defendant
must present evidence linking the criminal record to the hearsay declarant. See id.
 In Davis, the appellant attempted to introduce several prior convictions of a
nontestifying coconspirator. Id. at 310. The court held that, even though such
evidence would be appropriate for impeaching the nontestifying coconspirator, it was
not error to exclude the evidence because appellant failed to adequately link the
convictions to the coconspirator. Id.

 The same is true in this case. The only document appellant had was a printout
that the officers had obtained when they ran a "background check" on McDaniel. 
There is no evidence linking the "Dawn Jones" in the printout to the "Dawn Jones
McDaniel" whose statements were admitted at trial. Upon ruling against the
admission of the evidence, the trial court stated as follows:

 All right. One, I'm not going to allow it because it's remote, number
two, I don't have certified copies of the judgments or a pen packet to
prove that the Dawn Jones McDaniel is one and the same. I have no
evidence in front of the Court to judge that appropriate impeachment
evidence. . . . As far as Ms. Jones McDaniel, I don't have enough
evidence to discern one way or the that these are one in the same or if
these were hers or someone else by that name. So I'm not going to
allow it and I'm not going to have to rely on a teletype that I don't even
know if it's accurate. And I'll tell you its been my personal experience
that they are inaccurate on many occasions, so I'm not going to allow it
and we'll move on.


 Because appellant had no evidence linking Dawn Jones McDaniel to the Dawn
Jones in the printout, the trial court did not err in excluding the evidence. See id.

 We overrule point of error one.

Rule of Evidence 107

 In issue two, appellant argues that, once Deputy Glidewell testified about doing
a background check on his informant, appellant should have been permitted to
introduce the informant's criminal record, pursuant to the rule of optional
completeness. See Tex. R. Evid. P. 107. We disagree.

 Error analysis

 Rule 107 "is not invoked by the mere reference to a document, statement, or
act; rather a portion of the matter must 'be given' in evidence before the rule permits
the admission of other portions of that evidence." Cathy Cochran, Texas Rules
of Evidence Handbook, 92 n.386 (7th ed. 2007) (citing Goldberg v. State, 95
S.W.3d 345, 386-87 (Tex. App.--Houston [1st Dist.] 2002, pet. ref'd)).

 In this case, Deputy Glidewell did not offer details about the background check
of McDaniel. He did not even testify that he had obtained a criminal history as part
of this background check; this information was elicited by appellant on cross-examination. Because the State did not introduce any portion of McDaniel's
background check or criminal history into evidence, there was nothing for appellant
to offer for purposes of "completeness." See Washington v. State, 856 S.W.2d 184,
186 (Tex. Crim. App. 1993) (holding that some portion of matter sought to be
"completed" must have actually been introduced into evidence). 

 Appellant also argues that McDaniel's criminal history was admissible under
rule 107 to present a complete picture of her possible bias. Specifically, appellant
contends that the State introduced evidence that McDaniel was being paid by the
police, and that financial gain was her only bias. Appellant argues that he wanted to
introduce the fact that McDaniel had open criminal cases to show other grounds for
her bias. However, appellant never presented this argument to the trial court, and it
is therefore waived. See Guevara v. State, 97 S.W.3d 579, 583 (Tex. Crim. App.
2003) (holding that point of error on appeal must comport with objection at trial).

 Accordingly, we overrule point of error two.

Rule of Evidence 803(3)

 In point of error four, appellant contends the trial court erred by refusing to
allow evidence of McDaniel's criminal record because it was relevant to appellant's
state of mind. While on the witness stand, appellant testified that McDaniel told him
that she had served time in the penitentiary. Upon objection by the State, appellant
was prevented from providing further evidence of McDaniel's criminal record. 
Appellant argues on appeal that he should have been able to introduce McDaniel's
criminal history, through his own testimony, because it related to his state of mind. (2) 

 Preservation of error

 At trial, appellant argued that the evidence was admissible under rule of
evidence 803(24) as an admission against McDaniel's penal interest. Appellant never
argued that the evidence was admissible under rule 803(3). Because appellant never
presented this argument to the trial court, it is waived. See Guevara, 97 S.W.3d at
583 (holding that point of error on appeal must comport with objection at trial).

 We overrule point of error three.

INEFFECTIVE ASSISTANCE OF COUNSEL

 In point of error five, appellant contends he received ineffective assistance of
counsel at trial. Specifically, appellant contends trial counsel was ineffective because
he did not object to the admission of the videotaped drug transaction. Appellant
argues that admission of the videotaped drug transaction violated (1) his rights under
the Confrontation Clause and (2) the rule prohibiting hearsay evidence. (3)

 When presented with a claim of ineffective assistance of counsel, we apply the
two-step test found in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052
(1984). Strickland requires that appellant first demonstrate that his counsel's
performance was deficient by proving, by a preponderance of the evidence, that his
counsel's representation fell below the objective standard of professional norms. 
Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). An appellant who
succeeds at the first step must then show that this deficient performance prejudiced
his defense. Id. Because appellate review of defense counsel's representation is
highly deferential, "without the distorting effects of hindsight," Goodspeed v. State,
187 S.W.3d 390, 392 (Tex. Crim. App. 2005), we presume that counsel's actions fell
within the wide range of reasonable and professional assistance. Bone, 77 S.W.3d at
833. Allegations of ineffective assistance must be firmly founded in the record,
Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005), but the record on
direct appeal will not normally suffice to show that counsel's representation was so
deficient and so lacking in tactical or strategic decision-making as to overcome the
presumption that counsel's conduct was reasonable and professional. Bone, 77
S.W.3d at 833. This is because the original trial record is undeveloped on the
question of trial counsel's performance and will rarely permit a reviewing court to
evaluate fairly the merits of counsel's alleged failings. See id. The Court of Criminal
Appeals has encouraged affording trial counsel an opportunity to respond before
being "'denounced as ineffective.'" Goodspeed, 187 S.W.3d at 392 (quoting
Rylander v. State, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003)). 

 Appellant did not file a motion for new trial and, accordingly, no hearing was
held. The record is silent, therefore, regarding trial counsel's strategy. And, this is
not one of those "rare instances" in which no trial strategy is plausible. See Storr v.
State, 126 S.W.3d 647, 653 (Tex. App.--Houston [14th Dist.] 2004, pet. ref'd)
(finding no trial strategy in failing to request jury instruction on mitigation of
punishment). In fact, trial counsel's strategy appears to have been to admit the
videotape and then have appellant explain, through his own testimony, his version of
what transpired. 

 Accordingly, appellant has failed to establish, by a preponderance of the
evidence under the first prong of the Strickland test, that his trial counsel's failure to
object to the admission of the videotape fell below the objective standard of
professional norms. See Bone, 77 S.W.3d at 833. 

 We overrule point of error five.



CONCLUSION

 We affirm the judgments of the trial court.


 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Jennings and Bland.


Do not publish. Tex. R. App. P. 47.2(b).
1. --- 
 
 --- 
 
2. ' 
 
 
3. 
 ""